**Erlinda Ongkingco BALUYOT, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71162.
Agency No. A75–250–616.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

622

Submitted July 17, 2003.*
Decided July 21, 2003.

Before REINHARDT, SILER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Petitioner Erlinda Baluyot appeals the decision of the Board of Immigration Appeals ("BIA") which affirmed the Immigration Judge's order denying her requests for asylum, withholding of removal, and voluntary departure.[1]

■ First, Baluyot argues that the BIA abused its discretion in finding that she did not establish a "well-founded fear" of persecution. Neither Baluyot's fear of a perceived general climate of political violence in the Philippines, nor her experience as a bank employee during the two robbery incidents, qualifies her for asylum. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001); *Sanchez–Trujillo v. INS*, 801

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Immigration Judge also found that Baluyot was not eligible for cancellation of removal under INA § 240(A)(b)(1), 8 U.S.C. § 1229b(b)(1). Baluyot concedes that *Ram v. INS*, 243 F.3d 510 (9th Cir.2001) is dispositive here, and she does not challenge this finding in the instant appeal.

With respect to other factual and procedural details about the case, this history is abbreviated because the parties are acquainted with these aspects of the case.

F.2d 1571, 1581 (9th Cir.1986). Because Baluyot has failed to prove a well-founded fear of persecution on account of one of the enumerated grounds, *see* INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A), we conclude that the BIA did not abuse its discretion in denying her petition for asylum. We also conclude that Baluyot does not meet the requirements for mandatory withholding of removal, INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), because an alien who fails to establish a "well-founded fear" of persecution will, by definition, fail to show a "clear probability" of persecution. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir. 1995).

■ Second, Baluyot contends that the BIA abused its discretion in denying her request for voluntary departure, INA § 240B(b), 8 U.S.C. § 1229c(b), on the basis of her having an expired passport. We have no jurisdiction to review this determination. *See* 8 U.S.C. § 1229c(f); *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002).[2]

For the foregoing reasons, the petition for review is DENIED.

---

**2.** We do not reach the question of whether habeas corpus would allow this Court's review of the voluntary departure issue. *See Flores–Miramontes v. INS,* 212 F.3d 1133, 1137–38 (9th Cir.2000).

